UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN RINDT,<br><br>                Petitioner,<br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | CASE NO. 3:20-cv-6014-RJB<br><br>ORDER DENYING PETITIONER'S AMENDED MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Dkt. 15) AND GRANTING RESPONDENT'S MOTION TO SEAL (Dkt. 23) |

THIS MATTER comes before the Court on Petitioner's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. 15) and Respondent's Motion to Seal the Government's Answer to Petitioner John Rindt's Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. 23). The Court has considered the pleadings filed regarding the motions and the remaining file.

Petitioner seeks habeas corpus relief under 28 U.S.C. § 2255 from his 180-month (15 year) sentence imposed after his guilty plea to production of child pornography in violation of 18

ORDER - 1

U.S.C. § 2251(a), (e). In his petition, that he argues relief is appropriate based on the ineffective assistance of his trial counsel in violation of the Sixth Amendment. *Id.* For the reasons set forth below, his petition should be denied.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

The citations in this order come both from Case Management and Electronic Court Filing System (CM/ECF) numbers assigned to this civil case, Case No. 3:20-cv-06014-RJB, and the underlying criminal case, Case No. 3:17-cr-5553. Citations referring to the civil case docket will be noted as "CV-Dkt. xx" and as "CR-Dkt. xx" for the criminal case.

### A. BACKGROUND FACTS

Petitioner, John Rindt, is former soldier with the United States Army who pled guilty to Production of Child Pornography and was sentenced on February 21, 2021. CV-Dkt. 15. Petitioner was also indicted for possession of child pornography in violation of 18 U.S.C. 225(a)(4)(B), (b)(2). *Id.* The charge of possession of child pornography was dismissed in exchange for his guilty plea. CR-Dkt. 53. The indictment, filed in 2017, was based in part on hundreds of images of child pornography found on his digital devices including approximately 40 images that appeared to depict a particular Minor Victim ("MV") and to have been taken by Mr. Rindt. CR-Dkt. 15. Subsequent investigation revealed approximately 1500 images of child pornography, other than the 40 images depicting MV. The images of MV appeared to have been taken over a period of weeks in 2012 and depicted various images of MV, some alone, and some with Petitioner. CV-Dkt. 15; CV-Dkt. 16 at 15. Two of the images depicted MV touching Mr. Rindt. *Id.* At least one appeared to depict Mr. Rindt touching MV. *Id.*

Because Mr. Rindt was in active duty military service at the time of his arrest, he was also prosecuted by the United States Army in military court. CV-Dkt. 16 at 77. In the military

matter, Petitioner proffered evidence that he witnessed a Navy SEAL shoot and kill an unarmed Afghan civilian while he was serving in Afghanistan years before. CR-Dkt. 69. The details of that incident were unable to be corroborated, but he was given some credit for Substantial Assistance to Authorities under USSC § 5K1.1 ("5K"). *See id.* at 8; CV-Dkt. 16. Mr. Rindt's military sentence runs concurrent to the sentence given by this Court. CV-Dkt. 16.

In sentencing, there was no dispute that his crime carried a 15-year mandatory minimum or that the offender sentencing guideline calculation recommended a sentencing range of 210 – 262 months, based on an offender score of 37. CR-Dkt. 69 at 8. Mr. Rindt and his counsel emphasized the profound responsibility and remorse he had for his actions, how trauma from his childhood and military service affected him, the support he had from fellow inmates, the numerous accolades he received for his military services, and requested a downward departure from the mandatory minimum to a 60-month sentence. *Id.*; CV-Dkt. 16, Ex. 4. His counsel submitted an expert report by a psychologist, which emphasized that Mr. Rindt was at a low risk to reoffend, in part because MV appeared to be an isolated incident of sexual assault and because Rindt was making progress in his voluntary treatment program. CR-Dkt. 69. The government recommended a 210-month prison sentence. CV-Dkt.16 at 79.

To reach its sentencing determination, the Court acknowledged multiple notable factors, including that: (1) Mr. Rindt represented a "low risk" to the public, (2) the instant offense "was not as bad as many cases that come before the Court on that particular charge," (3) "the defendant is entitled to some [5K] credit," (4) Rindt's military service "had been exemplary until these events," and (5) his "childhood abuse and trauma." Dkt. 16 at 97–98. The Court decided the facts of this case did not warrant a departure from the statutory minimum and imposed a 180-month custodial sentence and supervised relief for life. CV-Dkt. 15 at 98–99.

B. PENDING MOTIONS

In the pending motion under section 2255, Petitioner alleges his trial counsel rendered ineffective assistance for three reasons: (1) his counsel failed to investigate evidence that Rindt deleted the pictures of MV from his phone soon after taking them; (2) he did not provide the Court with sufficient information about Rindt's low risk to reoffend; and (3) he did not adequately counter the government's sentencing length argument. CV-Dkt. 15. Petitioner argues that these errors resulted a longer sentence. *Id.*; CV-Dkt. 25 at 4.

Petitioner supports this motion with forensic evidence that he deleted the pictures of MV and evidence from published articles that showed that the nature of Rindt's crime put him at a low risk to reoffend. *Id.*; CV-Dkt. 18.

In the government's motion to seal, it argues its Answer to the petition should be sealed because it contains sensitive information.

This order will discuss the motion to seal first.

## II. DISCUSSION

A. GOVERNMENT'S MOTION TO SEAL

Local Civil Rule ("LCR") 5(g) states, "[th]ere is a strong presumption of public access to the court's files." Despite this presumption, the government's Answer contains sensitive information and should be sealed.

Furthermore, Petitioner did not respond in opposition to the motion. Pursuant to LCR 7(b)(2), "[e]xcept for motions for summary judgment, [failure] to file papers in opposition to a motion . . . may be considered by the court as an admission that the motion has merit."

For those reasons, the government's motion should be granted and its Answer (CV-Dkt. 24) should be sealed.

## B. GENERAL STANDARD UNDER 28 U.S.C. § 2255

A prisoner in custody pursuant to a judgment and sentence imposed by a federal court, who claims the right to be released on the ground "that the sentence imposed was in violation of the Constitution or laws of the United States, [] that the court was without jurisdiction to impose such sentence, [] that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Petitioner is in custody serving a sentence imposed by this Court. He properly brings his claim of ineffective assistance of counsel, as guaranteed by the Sixth Amendment, under § 2255.

## C. STANDARD FOR AN EVIDENTIARY HEARING

A petitioner is entitled to an evidentiary hearing on the motion to vacate a sentence under 28 U.S.C. § 2255 unless the motions, files, and records of the case "conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255(b). "This inquiry necessitates a twofold analysis: (1) whether the petitioner's allegations specifically delineate the factual basis of his claim, and (2) even where the allegations are specific, whether the records, files and affidavits are conclusive against the petitioner." *United States v. Taylor*, 648 F.2d 565, 573 (9th Cir. 1981).

Petitioner satisfies the first prong because he specifically delineates the factual basis for his claim as ineffective assistance of counsel.

The question here then is whether, considering all available evidence, Rindt conclusively cannot demonstrate that his trial counsel was ineffective.

## D. STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL

The two-part test set forth in *Strickland v. Washington* governs Petitioner's claim of

ineffective assistance of counsel. *See* 466 U.S. 668 (1984). This test requires a petitioner to show: (1) the defense attorney's performance was deficient, meaning "unreasonable under prevailing professional standards; and (2) that there is a 'reasonable probability that but for counsel's unprofessional errors, the result would have been different." *United States v. Blaylock*, 20 F.3d 1458, 1465 (1994) (citing *Strickland*, 466 U.S. at 687–91, 694)).

The *Strickland* test "applies to challenges to guilty pleas based on ineffective assistance of counsel," like the claim asserted here. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). In such challenges, the second *Strickland* prong, the prejudice prong, "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. The effect of any errors may be considered together "to see whether their cumulative effect deprived the defendant of his right to effective assistance." *Sanders v. Ryder*, 342 F.3d 991, 1000 (9th Cir. 2003).

To determine whether conduct was objectively reasonable, courts consider "the rule of contemporary assessment," which evaluates the performance at the time without considering the benefit of hindsight. *Maryland v. Kulbicki*, 577 U.S. 1, 4 (2015). A lawyer's conduct falls below the standard of objective reasonableness if, viewed without the benefit of hindsight, it falls "under prevailing professional norms." *Strickland*, 466 U.S. at 688. However, "[t]actical decisions that are not objectively unreasonable do not constitute ineffective assistance." *Hensley v. Crist*, 67 F.3d 181, 185 (9th Cir. 1995). Altogether, there is a "'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *James v. Schriro*, 659 F.3d 855, 879–80 (9th Cir. 2011); *Strickland*, 466 U.S. at 689.

1. <u>Claim of Failure to Investigate</u>

Mr. Rindt's claim that his counsel was ineffective by not investigating evidence that

Rindt attempted to delete the images of MV soon after taking them fails both prongs of the *Strickland* test. CV-Dkt. 15 at 8–11.

Certainly, "the duty to investigate is part of a defendant's right to reasonably competent counsel." *Harris by and Through Ramseyer v. Blodgett*, 853 F. Supp. 1239, 1255 (W.D. Wash. 1994) (*citing United States v. Tucker*, 716 F.2d 576, 583 n.16 (9th Cir. 1983). However, an attorney need not "pursue any and all non-frivolous strategies." *Johnston v. Mitchell*, 871 F.3d 52, 63 (1st Cir. 2017).

While further investigation may have been a legitimate, non-frivolous strategy, the investigation did not fall below the standard of professional norms. Defense counsel appears to have conducted a thorough investigation and made a strategic decision to emphasize Mr. Rindt's remorse and responsibility for his actions and his progress toward change. *See* CR-Dkt. 69. That strategy conveyed that Mr. Rindt's offense was "not as bad as many cases that come before the Court on that particular charge." CV-Dkt. 16, Ex.4. The evidence presented here does not indicate that counsel conveyed an unreasonably false impression of the crime, so there is not a reasonable probability further investigation would have led to a different outcome.

2. <u>Claim of Failure to Provide Mitigating Evidence on Risk of Reoffense</u>

As with Mr. Rindt's claim of failure to investigate, the argument that his counsel failed to offer sufficient evidence on his risk to reoffend does not demonstrate ineffective assistance of counsel. *See* CV-Dkt. 15 at 8–11.

Petitioner argues that his counsel failed to adequately address how his age, 43 at the time of the offense and 50 at the time of sentencing, lessened his risk of reoffense and to emphasize that the nature of his crime was more like that of a child pornography offender as opposed to a hands-on sexual assault offender because his hands-on offenses only occurred over a two-week

period and stopped years before he was arrested. *Id.* Mr. Rindt is correct that "[f]uture dangerousness is a critical component of sentencing." CV-Dkt. 25 at 4. His trial counsel presented evidence indicating he presented a low risk of reoffense, including evidence from an expert psychologist. *See* CV-Dkt. 16 at 97–98. His counsel may have chosen different avenues to make that point, but the point was made, and the Court considered it before concluding low-risk is not no-risk and "that requires, I think, consideration for protecting the public." *Id.* at 98.

      3. <u>Claim of Failure to Counter Sentencing Length Argument</u>

Petitioner argues that his trial counsel failed to adequately respond to the government's cherry-picked arguments that there is an epidemic of sex offenses and that they have a high recidivism rate. CV-Dkt. 15 at 11–12. There is no evidence that counsel's conduct fell below professional standards.

This argument is similarly linked to Rindt's risk of reoffense, and counsel conveyed the message that Rindt presented a low risk of reoffence to the court in a reasonable manner. The offender score sentencing guidelines recommended a 210 to 260-month sentencing range. CV-Dkt. 16 at 76. There is no evidence that defense counsel's rebuttal left the Court with an unreasonably false impression of sex offense crimes or that general evidence about sex crimes factored into the Court's decision to impose a sentence of 180-months.

      4. <u>Conclusion: Petition Should be Denied Without Evidentiary Hearing</u>

According to Petitioner, "[t]here is no question that if the evidence had been presented at sentencing, this Court would have no question about what exactly was on Mr. Rindt's mind and what was in his heart." CV-Dkt. 25 at 5. That is not true. The evidence conclusively shows that Petitioner's defense counsel acted reasonably. Petitioner does not demonstrate a reasonable probability that his sentence would have been different considering the arguments offered in this

motion, either separately or considered together. Therefore, his petition should be denied without an evidentiary hearing.

E. **STANDARD FOR A CERTIFICATE OF APPEALIBILITY**

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court must determine whether to issue a Certificate of Appealability ("COA") when entering a final order adverse to a habeas petitioner. Courts should grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2255(c)(2). To meet this standard, the habeas petitioner must make a showing that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner does not meet this standard. The evidence presented conclusively show that his counsel's assistance was constitutionally adequate. Reasonable jurists could not debate, or agree, that the petition should have been resolved in a different manner, and a COA should be denied.

Therefore, it is **ORDERED** that:

- Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. 15) **IS DENIED**;
- A Certificate of Appealability **IS DENIED**; and
- Respondent's Motion to Seal Government's Answer to Petitioner's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. 23) **IS GRANTED**.

1 The Clerk is directed to send uncertified copies of this Order to all counsel of record and
2 to any party appearing *pro se* at said party's last known address.
3 Dated this 23rd day of June, 2021.

_____
ROBERT J. BRYAN
United States District Judge